**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STEVEN MARTINEZ,** | |
| **Plaintiff,** | |
| v. | **Civil Action No.  11-1105 (JEB)** |
| **UNITED STATES POSTAL SERVICE,** | |
| **Defendant.** | |

**MEMORANDUM OPINION**

Plaintiff Steven Martinez is currently serving a mandatory life sentence for the 1993 New

York murder of Guillermo Gonzalez, who worked for the United States Postal Service.  In his

current Freedom of Information Act suit against USPS, he seeks release of Gonzalez's

employment records.  Although, in initially moving for summary judgment, USPS relied on

FOIA privacy exemptions, it now avers that it has no responsive records.  If any exist, they are in

the possession of the National Records Center (NRC).  As the Court cannot order USPS to

produce what it does not have, the Court will grant its Motion, and Plaintiff may submit an

appropriate request to the NRC.

**I.      Background**

On Jan. 20, 2011, Plaintiff submitted a FOIA request to USPS "requesting employment

records [of Guillermo Gonzalez] who worked in New York, New York until 1993."  Mot., Decl.

of Christopher Klepac, Attach. A (Pl. letter of Jan. 20, 2011) at 1.  Plaintiff never mentioned that

he had been convicted of killing Gonzalez or that the victim was even deceased.  On Jan. 31,

USPS informed Plaintiff by letter that such information was protected by the Privacy Act, 5

U.S.C. § 552a, and he would thus have to obtain written consent from Gonzalez or a court order.

Id., Attach. B (Letter of Jan. 31, 2011) at 1.  Until such time, USPS would not begin processing

his request.  Id.  After a subsequent FOIA appeal to USPS was denied, Plaintiff filed suit in this

Court on June 16, in which he finally mentioned Gonzalez's 1993 demise, but not his role in the

affair.  See Compl. at 3.

        In moving for summary judgment, USPS initially argued that the Privacy Act barred

release of the employment records absent the written consent of Gonzalez, whose death it could

not even confirm based on the identifying information submitted by Plaintiff.  See Motion at 4 &

n.2.  In addition, USPS argued that FOIA Exemption 6 would also block the release, given that

disclosure would constitute an unwarranted invasion of personal privacy, and Plaintiff had

articulated no public interest to outweigh it.  Id. at 5-6.  In his Opposition (labeled a "Traverse"),

see ECF No. 11, Plaintiff explained that he had, in fact, been convicted of Gonzalez's murder

and that he believed Gonzalez to have been a contract employee, rather than a full employee of

USPS, which was relevant to the jurisdiction of the court in his criminal case.  See id. at 2-3.

Now furnished with this rather significant clarification, USPS conducted a search of its records

and could not find "any record of employment that an individual with this [Social Security]

number ever worked in the New York District."  Reply, Decl. of Vanessa Duncan-Smith at 1.

More significantly, USPS Human Resources Manager Vanessa Duncan-Smith pointed out that

Office Personnel Files "for former postal employees are retired to and then retained at the

National Records Center in St. Louis, MO."  Id. at 1-2.  In fact, "[i]n responding to a request for

the OPF of a former postal employee, the regular practice in my office is to refer the requester to

the National Records Center for the requested OPF."  Id. at 2.

## II.      Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim.  Liberty Lobby, Inc., 477 U.S. at 248. Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary.  Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA cases typically and appropriately are decided on motions for summary judgment. Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007).  In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims

about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. Sec. &

Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v.

Cent. Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1981)).

**III.     Analysis**

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material

doubt that its search was 'reasonably calculated to uncover all relevant documents.'"   Valencia-

Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of

State, 897 F.2d 540, 542 (D.C. Cir. 1990)); see also Steinberg v. U.S. Dep't of Justice, 23 F.3d

548, 551 (D.C. Cir. 1994).  The adequacy of an agency's search for documents requested under

FOIA is judged by a standard of reasonableness and depends upon the facts of each case.

Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  There is no

requirement that an agency search every record system in response to a FOIA request, but only

those records that are likely to have responsive documents.  Oglesby v. U.S. Dep't of the Army,

920 F.2d 57, 68 (D.C. Cir. 1990).  To meet its burden, the agency may submit affidavits or

declarations that explain in reasonable detail the scope and method of the agency's search.  Perry

v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such

affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA.  Id. at

127.  On the other hand, if the record "leaves substantial doubt as to the sufficiency of the search,

summary judgment for the agency is not proper." Truitt, 897 F.2d at 542.

Plaintiff here may be dissatisfied with USPS's search, but he does not produce evidence

to undermine its adequacy.  As explained in Section II, *infra*, USPS submitted the Declaration of

Duncan-Smith, who averred that she had searched "the applicable USPS database [that] contains

employment records such as those requested by Plaintiff." Id at 1.  Using the Social Security

number and date of birth for Gonzalez that were provided by Plaintiff, she was unable to locate

any personnel file or record of employment for Gonzalez.  Id.  The Court, therefore, cannot find

that USPS's search was deficient.

It is significant that Duncan-Smith noted that records for former employees are retained

by the NRC.  This provides another explanation for why records of Gonzalez would not be in

USPS custody.  Plaintiff, of course, is free to submit a request to the NRC in hopes of achieving

better success.[1]

## IV.    Conclusion

As the Court finds that Defendant conducted an adequate search with respect to

Plaintiff's FOIA request, the Court will grant Defendant's Motion for Summary Judgment.  A

separate Order consistent with this Opinion will issue this day.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  Jan. 17, 2012

---

[1] Plaintiff makes mention in his Complaint of 1998 efforts to obtain records from the NRC, which referred him to USPS in 1999.  See Compl. at 1-2.  He never states what ultimately happened or why he then waited twelve years to make his next FOIA request to USPS.  Should he now make a request of the NRC, armed with this Court's decision, it seems unlikely that agency would refer him elsewhere.