UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN MARTINEZ,

    Plaintiff,

    v.

UNITED STATES POSTAL SERVICE,

    Defendant.

Civil Action No. 11-1105 (JEB)

## MEMORANDUM OPINION

Plaintiff Steven Martinez is currently serving a mandatory life sentence for the 1993 New York murder of Guillermo Gonzalez, who worked for the United States Postal Service. In his current Freedom of Information Act suit against USPS, he seeks release of Gonzalez's employment records. Although, in initially moving for summary judgment, USPS relied on FOIA privacy exemptions, it now avers that it has no responsive records. If any exist, they are in the possession of the National Records Center (NRC). As the Court cannot order USPS to produce what it does not have, the Court will grant its Motion, and Plaintiff may submit an appropriate request to the NRC.

**I.  Background**

On Jan. 20, 2011, Plaintiff submitted a FOIA request to USPS "requesting employment records [of Guillermo Gonzalez] who worked in New York, New York until 1993." Mot., Decl. of Christopher Klepac, Attach. A (Pl. letter of Jan. 20, 2011) at 1. Plaintiff never mentioned that he had been convicted of killing Gonzalez or that the victim was even deceased. On Jan. 31, USPS informed Plaintiff by letter that such information was protected by the Privacy Act, 5 U.S.C. § 552a, and he would thus have to obtain written consent from Gonzalez or a court order.

1

Id., Attach. B (Letter of Jan. 31, 2011) at 1.  Until such time, USPS would not begin processing his request.  Id.  After a subsequent FOIA appeal to USPS was denied, Plaintiff filed suit in this Court on June 16, in which he finally mentioned Gonzalez's 1993 demise, but not his role in the affair.  See Compl. at 3.

In moving for summary judgment, USPS initially argued that the Privacy Act barred release of the employment records absent the written consent of Gonzalez, whose death it could not even confirm based on the identifying information submitted by Plaintiff.  See Motion at 4 & n.2.  In addition, USPS argued that FOIA Exemption 6 would also block the release, given that disclosure would constitute an unwarranted invasion of personal privacy, and Plaintiff had articulated no public interest to outweigh it.  Id. at 5-6.  In his Opposition (labeled a "Traverse"), see ECF No. 11, Plaintiff explained that he had, in fact, been convicted of Gonzalez's murder and that he believed Gonzalez to have been a contract employee, rather than a full employee of USPS, which was relevant to the jurisdiction of the court in his criminal case.  See id. at 2-3.  Now furnished with this rather significant clarification, USPS conducted a search of its records and could not find "any record of employment that an individual with this [Social Security] number ever worked in the New York District."  Reply, Decl. of Vanessa Duncan-Smith at 1.  More significantly, USPS Human Resources Manager Vanessa Duncan-Smith pointed out that Office Personnel Files "for former postal employees are retired to and then retained at the National Records Center in St. Louis, MO."  Id. at 1-2.  In fact, "[i]n responding to a request for the OPF of a former postal employee, the regular practice in my office is to refer the requester to the National Records Center for the requested OPF."  Id. at 2.

## II.     Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim.  Liberty Lobby, Inc., 477 U.S. at 248. Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary.  Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA cases typically and appropriately are decided on motions for summary judgment. Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007).  In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims

about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. Cent. Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1981)).

**III.    Analysis**

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); see also Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). The adequacy of an agency's search for documents requested under FOIA is judged by a standard of reasonableness and depends upon the facts of each case. Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). There is no requirement that an agency search every record system in response to a FOIA request, but only those records that are likely to have responsive documents. Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. Id. at 127. On the other hand, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt, 897 F.2d at 542.

Plaintiff here may be dissatisfied with USPS's search, but he does not produce evidence to undermine its adequacy. As explained in Section II, *infra*, USPS submitted the Declaration of Duncan-Smith, who averred that she had searched "the applicable USPS database [that] contains employment records such as those requested by Plaintiff." Id at 1. Using the Social Security

number and date of birth for Gonzalez that were provided by Plaintiff, she was unable to locate any personnel file or record of employment for Gonzalez. Id. The Court, therefore, cannot find that USPS's search was deficient.

It is significant that Duncan-Smith noted that records for former employees are retained by the NRC. This provides another explanation for why records of Gonzalez would not be in USPS custody. Plaintiff, of course, is free to submit a request to the NRC in hopes of achieving better success.[1]

## IV.    Conclusion

As the Court finds that Defendant conducted an adequate search with respect to Plaintiff's FOIA request, the Court will grant Defendant's Motion for Summary Judgment. A separate Order consistent with this Opinion will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: Jan. 17, 2012

---

[1] Plaintiff makes mention in his Complaint of 1998 efforts to obtain records from the NRC, which referred him to USPS in 1999. See Compl. at 1-2. He never states what ultimately happened or why he then waited twelve years to make his next FOIA request to USPS. Should he now make a request of the NRC, armed with this Court's decision, it seems unlikely that agency would refer him elsewhere.